■ In the Matter of MOHAWK VALLEY AMBULANCE CORPS, INC., Petitioner, v NEW YORK STATE DEPARTMENT OF HEALTH et al., Respondents.—Determination unanimously annulled on the law with costs and petition granted. Memorandum: In this CPLR article 78 proceeding, petitioner, Mohawk Valley Ambulance Corps, challenges respondent's determination that it violated subdivision (1) of section 3010 of the Public Health Law on numerous occasions by operating an ambulance service outside its usual territory as specified in its registration.

The Commissioner's determination is not supported by substantial evidence and must be annulled (see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, 45 NY2d 176; Matter of Pell v Board of Educ., 34 NY2d 222). Section 3010 of the Public Health Law is merely a control measure which enables the appropriate regional services council to be aware of the various emergency medical units within the region so

that it may perform its responsibility of coordinating emergency medical services more efficiently (1982 Opns St Comp No. 82-185, at 238). The section does not limit the ambulance service solely to the area specified in the statement of registration. The use of the adjective "usual" to modify the phrase "territory" makes it clear that the legislative intent was otherwise. (Public Health Law § 3010 [1].) Additionally, respondent's reliance on Department of Health Memorandum 85-31 is misplaced. The memorandum, titled an enforcement guideline, restricted the operation of ambulance services, with limited exceptions not relevant here, to the territory specified in the certificate of registration. However, the Department, by defining the territory in which the ambulance service can operate, was performing a legislative or quasi-legislative function and was required to promulgate and file a rule with the Department of State (see, NY Const, art IV, § 8; *Matter of Roman Catholic Diocese v New York State Dept. of Health*, 66 NY2d 948). This it did not do. Under the circumstances, neither section 3010 of the Public Health Law nor Department of Health Memorandum 85-31 can serve as a basis for the Commissioner's determination. (Article 78 proceeding transferred by order of Supreme Court, Herkimer County, O'Donnell, J.) Present—Doerr, J. P., Boomer, Lawton, Davis and Lowery, JJ.